**In the Matter of Charley Paul McCLAIN, Bankrupt.**

**Fred W. WOODSON, Trustee, Appellant,**

**v.**

**UTICA SQUARE NATIONAL BANK OF TULSA, Appellee.**

**No. 724–70.**

United States Court of Appeals, Tenth Circuit.

Aug. 27, 1971.

Rehearing Denied Oct. 4, 1971.

Warren L. McConnico, Tulsa, Okl., for appellant.

William C. Anderson, Tulsa, Okl. (Doerner, Stuart, Saunders, Daniel & Langenkamp, Tulsa, Okl., on the brief), for appellee.

Before BREITENSTEIN, McWILLIAMS and BARRETT, Circuit Judges.

BREITENSTEIN, Circuit Judge.

In this voluntary bankruptcy proceeding the question is whether the appellee Utica Square National Bank of Tulsa is a secured or an unsecured creditor. Over the objections of the trustee, the referee held that the bank was a secured creditor and the district court affirmed.

The bankrupt purchased a Chevrolet pickup truck from an automobile dealer in February, 1969, and executed a promissory note and a separate security agreement-financing statement. In that statement he warranted, by checking a box thereon, that the pickup was to be used primarily "In Business." The dealer assigned the note and the purchase-money security interest to the bank for value. In reliance on the "In Business" designation the bank filed the security agreement in Oklahoma County, Oklahoma.

The bankruptcy proceedings were begun in April, 1970. The bank filed a proof of secured claim and the trustee objected thereto on the ground that the security agreement had not been filed in the proper county. The trustee contends that despite the "In Business" designation the pickup had always been used as consumer goods and that the security agreement had to be filed in Tulsa County, the county of the debtor's residence. The trustee offered evidence that the bankrupt never used the pickup for business purposes and, hence, his intent at the time of purchase was not to use it primarily for business purposes. The bank objected on the ground that parol evidence was inadmissible to vary the terms of the written security agreement. The referee sustained the objection and the district court affirmed.

■■ Oklahoma has adopted the Uniform Commercial Code. See 12A Okl.St.Ann. An automobile comes within the term "goods" as there defined. See § 9–105(1) (f) and Osborn v. First National Bank of Holdenville, Okl., 472 P.2d 440, 441–442. Goods are classified into four categories: consumer goods, equipment, farm products, and inventory. § 9–109. The classes are mutually exclusive, and the goods cannot be in two categories at the same time as to the same person. § 9–109, Comment 2.

The perfection of a security interest by filing requires the determination of the proper county in which to file. If the collateral is classified as consumer goods, the proper county in which to file is the county of the debtor's residence, in this case Tulsa County. § 9–401(1) (a). If business equipment, the security agreement is to be filed with the county clerk of Oklahoma County. § 9–401(1) (c). In the case before us the bank filed in Oklahoma County.

■■ The first problem is the rejection of the parol evidence offered by the trustee to sustain his claim that the pickup was in the class of consumer goods. The Bankruptcy Act allows the trustee to elect the status of an ideal lien creditor. See 11 U.S.C. § 110(c). As such he is in the position of a third-party lien creditor without notice. His priority is determined by the substan-

tive law of the state where the property is located. Carroll v. Holliman, 10 Cir., 336 F.2d 425, 429. In Oklahoma an unperfected security interest is subordinate to the rights of a person who becomes a lien creditor without knowledge of the security interest and before it is perfected. § 9–301(1) (b). We are unimpressed by the bank's reliance on B. F. Hoffman, Inc. v. Richman, 3 Cir., 75 F.2d 823, which does not discuss the bankruptcy trustee's powers under 11 U.S.C. § 110(c).

■ The parol evidence rule applies only to the parties to the agreement in question. In re Assessments of Alleged Omitted Property of Kennedy for Taxation in Osage County for 1917, 177 Okl. 74, 58 P.2d 134, 137; see also Bardwell v. Commissioner of Internal Revenue, 10 Cir., 318 F.2d 786, 790, and Great West Casualty Company v. Truck Insurance Exchange, 10 Cir., 358 F.2d 883, 885. The bank says that the parol evidence rule is not applicable because it is admittedly a holder in due course, and the note and security interest are subject only to defenses of a "real" nature. See e. g., § 3–305(2). The evidence sought to be introduced goes not to the note but to the security agreement. Cases holding that parol evidence cannot be introduced against one holding a negotiable instrument in due course are not strictly in point. Neither are decisions relating to the defense by a mortgagor against a holder in due course. In the case at bar we have a third party attacking the security interest.

■ A holder in due course of negotiable paper secured by collateral is in a different position when equities and defenses are asserted by the mortgagor and when third parties question the priority of the lien. Absent controlling statutes, a holder in due course of negotiable paper secured by collateral has no better claim against the collateral than the mortgagor and may be affected by matters pertaining to constructive notice. See annotation in 127 A.L.R. 190, 191–192. In our opinion the negotiation of a note secured by collateral cannot extinguish whatever claims a third party might have to the collateral. It follows that the bank is vulnerable to whatever claims or defenses a third party may assert against its assignor, the automobile dealer, and that the parol evidence rule does not preclude evidence pertaining to the primary use.

■ Finally, the bank argues that the warranty of use in the security agreement is conclusive. We believe that this is foreclosed by National Bank of Commerce v. First National Bank and Trust Company of Tulsa, Okl., 446 P.2d 277, a case involving priority of security interests as affected by the filing requirements of § 9–401. The court there said that the primary issue was "the classification of the [automobile] as equipment, consumer goods or inventory, to determine the proper place of filing." Ibid. at 280. In making the determination the court looked to extrinsic facts and did not give conclusive effect to the warranty in the security agreement. This expression of Oklahoma law is binding on us. The attempt of the bank to distinguish the National Bank of Commerce case on the ground that it was not concerned with the rights of a transferee-holder in due course is not persuasive. We have discussed the rights of a holder in due course when a claim is made by an ideal lien creditor such as the trustee.

■ The National Bank of Commerce decision comports with Comment 2 to § 9–109 which says that "the principal use to which the property is put should be considered determinative." Further, in bankruptcy situations involving the Uniform Commercial Code the courts have independently inquired into the classification and filing of collateral. Sequoia Machinery, Inc., v. Jarrett, 9 Cir., 410 F.2d 1116; see also P. S. Products Corp. v. Equilease Corporation, 2 Cir., 435 F.2d 781. The difficult position in which the bank is placed results from Oklahoma law. The only answer would seem to be that a creditor in

245

doubt about the proper classification of collateral should file in all possible counties where filing might be required.

Our decision herein is limited to (1) the evidence offered by the trustee should be received, and (2) the warranty of use in the security agreement is not conclusive. The question of proper classification is one to be determined in accordance with the usual bankruptcy procedures. Problems which may arise in connection therewith are not before us at this time.

Reversed and remanded for further proceedings consistent with this opinion.