In the Matter of BOILING SPRINGS
CONSTRUCTION CO., INC.

Bankruptcy No. 76–16–BK–7.

United States Bankruptcy Court,
E. D. North Carolina.

March 18, 1980.

William O. J. Lynch of Jones, Hill, Jones,
Nash & Lynch, Wilmington, N. C., for
North Carolina Nat. Bank.

Algernon L. Butler, Jr. of Poisson, Barn-
hill, Butler & Britt, Wilmington, N. C., for
Waccamaw Bank and Trust.

Trawick H. Stubbs, Jr., New Bern, N. C.,
for trustee.

OPINION AND ORDER

THOMAS M. MOORE, Bankruptcy
Judge.

This matter comes on to be heard at the
request of Waccamaw Bank and Trust
Company and North Carolina National
Bank, both of whom are claiming priority to
certain proceeds in the possession of the
trustee as a result of the trustee's sale of a
boat. After considering the evidence and
hearing argument of counsel, the under-
signed finds the facts to be as hereinafter
set out.

*Findings of Fact*

On September 10, 1973, Waccamaw Bank
and Trust Company filed with the Register
of Deeds of Brunswick County, North Caro-
lina, a financing statement perfecting a se-
curity interest in all present and future
equipment owned by the bankrupt. There
is no dispute as to the validity of the securi-
ty agreement between the bankrupt and
Waccamaw and there is no dispute as to the
amount of the debt owed by the bankrupt
to Waccamaw.

On October 11, 1974, the bankrupt pur-
chased a boat with corporate funds from
Joseph Hearne and assumed the terms and
provisions of Hearne's note with North Car-
olina National Bank (NCNB). The creditor,
NCNB, had a perfected security interest in
the boat. On November 9, 1974, the bank-
rupt traded the boat on another boat it
purchased from Harrelson's Marine Compa-
ny. The bankrupt received possession of
the new boat from Harrelson's Marine Com-
pany on November 9, 1974. The boat was
used by the bankrupt in its business.

On January 10, 1975, NCNB filed a fi-
nancing statement with the Register of
Deeds of Brunswick County listing the new
boat as collateral for its debt.

The new boat has been sold by the trus-
tee and he is in possession of approximately
$20,000.00 which represents the proceeds of

sale. Both Waccamaw and NCNB are claiming the proceeds of sale.

### Issue

The issue is which of the two creditors is entitled to the money in the trustee's possession resulting from the sale of the boat?

### Consideration of Issue

N.C.Gen.Stat. 25–9–312(4) provided in 1974 that

"a purchase money security interest in collateral other than inventory has a priority over a conflicting security interest in the same collateral or its proceeds if the purchase money security interest is perfected at the time the debtor receives possession of the collateral or within 10 days thereafter."

Prior to the adoption of the Uniform Commercial Code in North Carolina, the case law in North Carolina was that a purchase money security interest had priority over previously filed security interests even if the purchase money security interest was not perfected by recordation. *Standard Day Keln Co. v. Ellington*, 172 N.C. 481, 90 S.E. 564 (1916); *Cox v. New Bern Lighting and Fuel Co.*, 151 N.C. 62, 65 S.E. 648 (1909). However, this case law is no longer applicable.

NCNB contends that, although the boat was purchased with corporate-bankrupt's funds, it was bought for the purpose of private use of the bankrupt's principal officer and should be considered "consumer goods" under the provisions of N.C.Gen. Stat. 25–9–109. The evidence in this case does not support NCNB's contentions on this point. The boat was purchased by the bankrupt corporation, used by it and is to be considered equipment of the bankrupt rather than "consumer goods".

NCNB further contends that the bankrupt did not take possession of the boat until a "Substitution of Collateral Agreement" was entered into on January 10, 1975. Again, this position is not supported by the evidence. The bankrupt took possession of the boat on November 9, 1974. The fact that the old boat was encumbered by a lien in favor of NCNB at the time it was traded on the new boat does not negate the fact that the bankrupt's possession of the new boat was complete on November 9, 1974.

### Conclusions of Fact and Law

The bankrupt purchased the new boat in question on October 11, 1974 and took possession of the same on November 9, 1974. The boat is equipment within the meaning of the Uniform Commercial Code and not "consumer goods". The security agreement and financing statement from the bankrupt to Waccamaw was perfected on September 10, 1973 and included after acquired equipment. The security agreement and financing statement from the bankrupt to NCNB was perfected on January 10, 1975, more than 10 days after the bankrupt took possession of the new boat. The security interest of Waccamaw must prevail over that of NCNB; now therefore

IT IS ORDERED that the trustee in bankruptcy pay the proceeds in his possession from the sale of the boat to Waccamaw Bank and Trust Company in partial satisfaction of the bankrupt's secured debt to it.