**In the Matter of RAHBERG FARMS, INC., Debtor.**

**Bankruptcy No. MM7–80–00495.**

United States Bankruptcy Court, W. D. Wisconsin.

Jan. 27, 1981.

Michael E. Kepler, Madison, Wis., trustee.

Delmar E. DeLong, of DeLong, Sheehan & Holznecht, Clinton, Wis., for Vern's Automotive, Inc.

Thomas Lee Hebl, Sun Prairie, Wis., for John Deere Industrial Equipment Co.

OPINION AND ORDER

ROBERT D. MARTIN, Bankruptcy Judge.

The trustee has objected to the claims that Vern's Automotive, Inc. and John Deere International are secured. Although tried separately, these objections to claims have been consolidated for decision.

Rahberg Farms, Inc., a Chapter 7 debtor, (hereinafter Rahberg) purchased a New Holland skid loader from Vern's Automotive, Inc. (hereinafter Vern's). At a separate time, Rahberg purchased a John Deere wheel loader from John Deere International (hereinafter Deere).

Vern's has filed a proof of a secured claim based on a security interest in the skid loader. Attached to the proof of claim is a copy of the financing statement filed with the Secretary of State. Deere also filed a proof of a secured claim based on a security interest in the wheel loader. Deere filed a financing statement with the Secretary of State. No financing statement for either Vern's or Deere was filed with the Register of Deeds for Rock County, the debtor's residence. The trustee objected to the secured claims of Vern's and Deere as not properly perfected under Wis.Stat. § 409.401 which states:

(1) The proper place to file in order to perfect a security interest is as follows:

(a) When the collateral is equipment used in farming operations, or farm products, or accounts or general intangibles arising from or relating to the sale of farm prod-

ucts by a farmer, or consumer goods, then in the office of the register of deeds in the county of the debtor's residence . . . .

(c) In all other cases, in the office of the secretary of state.

Rahberg, at the time the loaders were purchased, was involved in the lumber and trucking business as well as farming. The skid loader is capable of being used in any and all of those activities, including farming. At the hearing on the trustee's objection to claim, Vern Schmuck, the president of Vern's Automotive, Inc., testified that he saw the loader in use as part of the debtor's lumber and trucking operations. The loader was used in lifting lumber at the debtor's sawmill and for loading grain in downtown Clinton as part of the trucking operation. He did not see the loader used in farming operations, although he said it could have been so used. Schmuck said he did see manure on the loader's bucket and the loader could have been used to clean areas of the farm, but he had not seen the loader used in that way. He had witnessed the loader being used to clean manure out of trucks in conjunction with the debtor's trucking operation.

At the hearing held on the trustee's objection to Deere's secured claim, the evidence showed that the John Deere loader was used exclusively in the debtor's farming operations.

Both Vern's and Deere argue they are a perfected secured creditor because of their filing with the Secretary of State in compliance with Wis.Stat. § 409.401(1)(c). Vern's asserts that the equipment is commercial or business equipment, not "equipment used in farming operations." Therefore, filing with the Register of Deeds is not required to perfect their security interest. Deere asserts that since their collateral was often or typically used in non-agricultural applications and they were unaware of the use to which it was put by Rahberg, their filing was a good faith effort to give notice and was made effective by Wis.Stat. § 409.-401(2), which provides:

A filing which is made in good faith in an improper place or not in all of the places required by this section is nevertheless effective with regard to any collateral as to which the filing complied with the requirements of this chapter and is also effective with regard to collateral covered by the financing statement against any person who has knowledge of the contents of such financing statement.

If the equipment is "equipment used in farming operations" local filing is required. If the equipment is used commercially, filing in the Secretary of State's office is required. The place for proper filing is determined by the classification of the equipment.

"Equipment used in farming operations" is not defined in the Uniform Commercial Code, but several cases have discussed its meaning. In *Sequoia Machinery, Inc. v. Jarrett*, 410 F.2d 1116 (9th Cir. 1969) the court refused to interpret the phrase in terms of the occupational status of the user. Instead the court looked to the equipment's actual use. In *Sequoia*, the equipment involved was grain harvesting combines purchased by a non-farmer. The court found the harvesting combines were equipment used in farming operations within the meaning of U.C.C. § 9–401(1)(a), because their actual use was in farming operations.

In *In Re Butler*, 3 B.R. 182, 6 B.C.D. 32, 28 UCC 596 (Bkrtcy.E.D.Tenn.1980), the issue was whether a John Deere Dozer purchased by an excavating contractor was "equipment used in farming operations." The court reviewed a number of decisions on the issue and stated,

A majority of courts in determining whether equipment is used in farming operations look at the use for which equipment was purchased or the use actually made of the equipment. The *actual* use test seems the proper criterion for determining whether equipment is "used in farming operations." *In Re Butler*, 3 B.R. 182, 6 B.C.D. 32, 33, 28 UCC 596, 599.

The court held that the dozer was used in the contractor's business and although some of his work was done for farmers, that did "not change the business of an excavating contractor into a farming operation. . . .

In the present proceeding the dozer was bought for and used in the business of an excavating contractor." *In Re Butler*, 3 B.R. 182, 6 B.C.D. 32, 28 UCC at 599. The dozer was not "equipment used in farming operations."

Although cases have discussed when equipment is "equipment used in farming operations," only two cases have been found which provide guidance as to the degree of use in farming operations required in order to classify equipment that is used in both farming and business as "equipment used in farming operations" requiring a local filing to perfect. In *In Re Butler, supra*, the court summarized the Code as providing:

> (a) [I]f the equipment is used primarily in "business," a security interest is perfected by filing in the office of the secretary of state.
>
> (b) [I]f the equipment is used primarily in "farming operations" a security interest is perfected by filing in the office of the register.

This language states that the test is the primary use of the equipment, but the court does not expand on that statement or apply it to the facts in their case. In *In Re Collins*, 3 B.R. 144, 28 UCC 1520 (Bkrtcy.D. S.C.1980), a wheel loader and rake were sold to the debtor who had both farming and business operations. The court applied the primary use standards stating:

> [I]t is apparent that, at the time of the sale (November 20, 1978) and at the time of the filing of the financing statement (November 28, 1978), both the buyer and the seller of the equipment contemplated that it would be used primarily for the bankrupt's business or commercial use (other than farming operations). And, in fact, that is how it was used. *In Re Collins*, 3 B.R. 144, 28 UCC at 1526.

Thus, the two cases found which discuss equipment used for both farming and non-farming operations require classification by the equipment's primary use.

The only testimony regarding actual use of the skid loader identified that use as being for logging and trucking purposes, unrelated to farming operations. Although the loader was capable of being used in farm operations, and may have been used in farm operations, there was no evidence to support the conclusion that it was in fact used primarily in farm operations. Vern's, therefore, appears to have properly perfected its security interest in the skid loader.

█ The John Deere loader is actually and primarily used in farming operations. Filing with the Rock County Register of Deeds is, therefore, required to perfect under Wis.Stat. § 409.401. Because Deere did not file with the Register of Deeds for Rock County they are not perfected in the loader unless they fit within the saving clause of Wis.Stat. § 409.401(2).

Deere filed in good faith with the Secretary of State though failed to file with the Register of Deeds. Under Wis.Stat. § 409.401(2), their inappropriate filing would be effective against "any person who has knowledge of the contents of such financing statement."

To determine if Deere's filing is effective against the trustee in bankruptcy, the trustee's powers under the strong arm clause, 11 U.S.C. § 544, must be examined. 11 U.S.C. § 544(a)(1) states:

> § 544. *Trustee as lien creditor and as successor to certain creditors and purchasers.*
>
> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—
>
> (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained a judicial lien, whether or not such a creditor exists . . . .

The language of 11 U.S.C. § 544(a) explicitly states that the trustee is to be treated "without regard to any knowledge." In a case interpreting the prior strong arm

clause under § 70 of the Bankruptcy Act, which has been superseded by 11 U.S.C. § 544, Bankruptcy Judge Hill stated that under the strong arm clause of both the Act and the new Code "the trustee must be treated as a judgment creditor without notice." *In Re Himmelstein*, 1 C.B.C.2d 13, 16, 5 B.C.D. 288 (D.N.J.1979). Because the trustee must be treated as a creditor without notice under 11 U.S.C. § 544(a), he is not a "person who has knowledge of the contents of such financing statement" under Wis.Stat. § 409.401(2). John Deere's security interest is unperfected as to the trustee. "Since the plaintiff's security interest is not perfected, it is subordinate to the interest of the trustee ... 11 U.S.C. § 544(a)(1)." *In Re Murphy*, 5 B.R. 596, 2 C.B.C.2d 919, 924 (Bkrtcy.N.D.Ga.1980).

Upon the foregoing which constitutes my findings of fact and conclusions of law in these contested matters, it is

ORDERED that the trustee's objection to the claim of Vern's Automotive, Inc., be and hereby is denied and overruled, and it is

FURTHER ORDERED that the trustee's objection to the claim of John Deere International as a secured claim be and hereby is sustained.