In re ASW III BUILDER–CONTRACTOR, INC., Bankrupt.

Watson M. MARSHALL, Plaintiff,

v.

E. Carlton WILTON, Jr. and Dominion National Bank, Defendants.

Bankruptcy No. 79–01449.

United States Bankruptcy Court, E. D. Virginia, Richmond Division.

May 29, 1981.

Robert A. Canfield, Richmond, Va., for plaintiff/trustee.

Rodney M. Poole, Richmond, Va., for defendant E. Carlton Wilton.

V. Cassel Adamson, Jr., Richmond, Va., for defendant Dominion National Bank.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter comes on upon the filing of a Complaint by Watson M. Marshall, Trustee and Plaintiff herein, for the turnover of property of the estate and for determination of the extent, priority or validity of liens thereon. The Defendants, E. Carlton Wilton, Jr. and Dominion National Bank, filed Answers in the matter, each asserting their rights and interest in the property. Upon consent of the parties, the matter was submitted on briefs which briefs have been filed with the Court. Upon the foregoing, the Court makes the following determination.

### STATEMENT OF THE FACTS

Pursuant to a pretrial order entered on October 22, 1980, counsel for the parties were required to file a stipulation of facts on or before November 14, 1980. The only stipulation of facts submitted to this Court was filed on January 14, 1981, and was endorsed only by counsel for Dominion National Bank. The Court's findings are

based on said stipulations which are reproduced in their entirety below.

"1) That E. Carlton Wilton, Jr., had purchased a 1974 Mod-Lodge Travel Trailer, ID # PL1010–4 from the manufacturer.

2) That E. Carlton Wilton, Jr. never titled the subject vehicle.

3) That the debtor, ASW III Builder-Contractor, Inc., purchased the said vehicle from E. Carlton Wilton, Jr.

4) That the debtor borrowed some funds from Dominion National Bank in September, 1979.

5) That on September 28, 1979, a petition in bankruptcy was filed by the debtor.

6) That the vehicle has never been titled in Virginia or any other state.

7) That the defendant, Dominion National Bank, extended credit in the form of various loan for cash to bankrupt with the 1974 Mod-Lodge Travel Trailer, ID # PL1010–4 pledged as part of the collateral for said loans.

8) That defendant, Dominion National Bank, secured the lien by filing a financial statement, as this was the only method of extending proper notice of said lien."

■ The issue for the Court's determination is whether E. Carlton Wilton, Jr. (Wilton) or Dominion National Bank (Bank) have any interest in the travel trailer superior to that of the Trustee. The Trustee asserts that his claim to the travel trailer is superior to the interest of Wilton and the Bank by virtue of § 70(c) of the Bankruptcy Act. This section confers on the Trustee all the rights and powers of a lien creditor as of the date of the filing of the petition.

The Trustee relies on Va.Code Ann. §§ 46.1–41 and 46.1–70 which requires all trailers be registered by a certificate of title, and further requires that all liens be noted on the certificate of title to be perfected.[1] No certificate of title was ever issued on the trailer and, therefore, no liens were evidenced on the certificate of title. It is the Trustee's contention that his interest in the travel trailer is superior to the unperfected interest of Wilton or the Bank.

■ Wilton argues that the travel trailer is neither a trailer nor semi-trailer under Va.Code Ann. § 46.1–41. In this regard, he relies on the definitional section of § 46 of the Va.Code wherein a camping trailer has been given a definition separate from that of a trailer or semi-trailer. *See* Va.Code Ann. § 46.1–1(27), (33), and (33a). This Court is not at all persuaded by this argument. While it is clear that camping trailers have been afforded a specialized definition, it still falls under the general category of trailers. Accordingly, all security interest created in trailers (unless excluded by an exception to the statute) must be shown on the certificate of title to be properly perfected.

■ Assuming for the moment that the title certificate statutes in Virginia are not applicable, it is this Court's opinion that Wilton's claim still must fail. Wilton contends that he perfected a security interest in the travel trailer when he gave possession of it to the Bankrupt and received a note for the purchase price. Wilton relies on Va.Code Ann. § 8.9–302(d) which states that a financing statement need not be filed to perfect a security interest in a purchase money security interest in consumer goods.

First, there is no evidence of an effective security agreement being negotiated between the parties. While it has been stated in Wilton's brief in argument that a note was taken for the purchase price, this without more gives no indication of an agreement between the parties that Wilton was to retain any interest in the travel trailer.

■ Second, there is no evidence before this Court that the travel trailer is a "consumer good". A consumer good is defined as goods that are used or bought for use primarily for personal, family or household purposes. Va.Code Ann. § 8.9–109. There is no evidence before the Court that the travel trailer was bought for personal, family or household purposes. On the contrary, it was purchased by a builder-contractor

---

1. Va.Code Ann. §§ 46.1–41 and 46.1–70.

corporation which is contrary to the proposition that the travel trailer is a consumer good. Moreover, Wilton's contention that the character of the goods determines its classification is without merit. The test of the classifications of goods under Va.Code Ann. § 8.9–109 is the owner's use of the goods. *See* Official Comment to Va.Code Ann. § 8.9–109, n. 2; *See also In re Boiling Springs Construction Co., Inc.*, 3 B.R. 251 (B.Ct.E.D.N.C.1980). Va.Code Ann. § 8.9–109(2) classifies goods as "equipment" if they are used or bought primarily for business, and this appears to be the most appropriate classification of the goods without evidence to the contrary. Therefore, assuming that the statutes requiring the notation of liens on the certificate of title are inapplicable, a financing statement would have to have been filed to perfect the security interest. Therefore, the Trustee's interest in the travel trailer is superior to that of Wilton.

■ The Bank concedes the applicability of the Virginia title statutes to this case, but relies on the exceptions to said statutes in asserting its interest in the property. Specifically, it relies on Va.Code Ann. § 46.1–90 which provides that a transferee of a motor vehicle, trailer or semi-trailer need not be required to register or forward a certificate of title to the Division of Motor Vehicles if the transferee does not drive the motor vehicle, trailer or semi-trailer nor permit it to be driven upon the highways. The Bank contends that § 46.1–90 applies and that the proper method to perfect a security interest in the property in question would be to file a financing statement in the appropriate jurisdiction. The Stipulations of Fact reflect that the Bank did secure the lien by filing a financing statement. If this Court were to find that the exception above applied, then the Bank may well have a security interest superior to that of the Trustee by virtue of its perfection by filing its financing statement. There is, however, no evidence before the Court concerning the use of the travel trailer or its location. The statement in the brief in argument of the Bank that "[i]t has been represented to Dominion National Bank that the unit in question was not intended as a motor vehicle under the definition but was more in the nature of a modular home capable of being transported from the manufacturer and intended to be a permanent or semi-permanent type structure once it became attached to the real estate" is not evidence before the Court sufficient to enable the Court to make a finding of fact of the use of the travel trailer. Consequently, the Court is unable to place this travel trailer in the exception provided by Va.Code Ann. § 46.1–90. Accordingly, there is no lien against the travel trailer superior to that provided in the Bankruptcy Act under § 70 to the Trustee.

An appropriate order will issue.