**In re William James BURGESS and Mary Sue Burgess, Debtors.**

**Bankruptcy No. Bk–82–01348.**

United States Bankruptcy Court, W.D. Oklahoma.

June 6, 1983.

Richard R. Bailey, Oklahoma City, for trustee.

John C. Harrington, Jr., Oklahoma City, for John Deere Co.

MEMORANDUM DECISION AND ORDER

RICHARD L. BOHANON, Bankruptcy Judge.

This matter came on for hearing on the Trustee's Report of Sale combined with Application for Determination of Secured Creditor Status. John Deere Co., the secured creditor, initially filed an objection to the sale of equipment conducted by the trustee, but this objection has been withdrawn. The creditor now wishes to enforce its security interest in the proceeds from the sale. The question before the court concerns the perfection of security interest in two tractors and two pull plows and a determination whether these items were "equipment used in farming operations" for purposes of proper filing. The Court finds the following facts relevant to this controversy:

1. The debtors filed their voluntary joint petition under Chapter 7 on July 19, 1982, and were residents of Kay County, Oklahoma.

2. Prior to and at the time of filing the petition the debtor operated a business known as Bill's Diesel Service in Kay County, and the primary occupation of the debtor was that of diesel engine repair.

3. There are no facts to indicate that the debtor was a farmer nor held himself out to

be a farmer, however the debtor attempted to use the equipment in farm type operations. In addition, the equipment was used in farming operations by other individuals while out on loan.

4. At the time of filing the petition the debtor had purchased 2 Case tractors and 2 Case pull plows. John Deere Co., an assignee of the retail installment contract, was granted a security interest in this equipment. John Deere Co. filed its financing statement in the Office of the County Clerk of Kay County, Oklahoma.

5. John Deere did not file its financing statement in Oklahoma County, which is the place for central filing in Oklahoma.

### Decision

■ It is clear that under the Bankruptcy Code a trustee is considered an ideal lien creditor as against unperfected security interests. *See* 11 U.S.C. § 544. He is in a position of a third-party lien creditor and his priority is determined by substantive state law. *In re McClain,* 447 F.2d 241 (10th Cir.1971).

In this proceeding perfection of a security interest by filing requires the Court to determine the proper county in which to file.

Oklahoma has adopted the Uniform Commercial Code and at 12A O.S.1981 § 9–401 it states:

> (1) The proper place to file in order to perfect a security interest is as follows:
> (a) when the collateral is equipment used in farming operations . . . then in the office of the county clerk in the county of the debtor's residence . . .
> . . . .
> (c) in all other cases, in the office of the county clerk of Oklahoma County.

In view of the statutory provisions, if the tractors and plow implements are "equipment used in farming operations",[1] John Deere Co., would be perfected as to the trustee since it properly filed of record in

the county of the debtor's residence. On the other hand, should the equipment not be construed to be "equipment used in farming operations" the trustee's ideal lien status is superior to that of the creditor since John Deere failed to file in Oklahoma County.

Several cases have faced the question of when equipment is considered "equipment used in farming operations." *See In re McClain,* 447 F.2d 241 (10th Cir.1971); *Sequoia Machinery, Inc. v. Jarrett,* 410 F.2d 1116 (9th Cir.1969); *Matter of Rahberg Farms, Inc.,* 8 B.R. 244 (Bkrtcy.W.D.Wis. 1981); *In re Collins,* 3 B.R. 144 (Bkrtcy.D.S. C.1980); *In re Butler,* 3 B.R. 182 (Bkrtcy.E. D.Tenn.1980); *In re Leiby,* 1 UCC 428 (Bkrtcy.E.D.Pa.1962). What is clear from a review of these cases is that no consistency has been achieved though at least two distinct views have emerged. The two basic lines of thought are summarized in J. White & R. Summers, Uniform Commercial Code § 23–13 (1980) at 944:

> Several cases discuss whether intended use at the time of attachment or actual use controls. In *In re Leiby,* for example, the court stated that actual use controlled, but it then found that the debtor's actual and intended use coincided and that the creditor had knowledge of the intended use. In *McGehee v. Exchange Bank & Trust Co.* [561 S.W.2d 926, Tex. Civ.App.1978] the court stated 'the intent of the debtor purchaser at the time of the sale when [the creditor's] security interest attached to the collateral is controlling. . . .'
> . . . .
> How one resolves the intended use versus actual use dispute depends ultimately on whether he values more highly secured creditors' interests or third party creditors' interests. (footnotes omitted) (citations omitted).

For his position the trustee asserts that the seller knew the debtor-purchaser was not a

---

1. At 68 O.S.1981 § 2422 the term "farm tractor" is defined for the purpose of determining whether such items will be subject to ad valorem taxes. We feel this definition is necessarily restricted to issues under that section and have no application to the instant controversy regarding security interest and recording statutes.

farmer, but a diesel service operator and therefore reaches the conclusion that: "[T]he dealer ... knew the purchaser, knew the business that he was in, was familiar with his business location and that ... he had other tractors ... [t]hat the purchaser's statement reflected the debtor's business was Bill's Diesel Service and all of these facts together lead to the conclusion that these tractors simply were not purchased for farming operations nor used in farming operations...." Yet, the trustee cites the Court to *In re Leiby*, 1 UCC 428 (Bankr.E.D.Pa.1962), which stands for the proposition that actual use of the equipment controls. The trustee also offers *In re Butler*, 3 B.R. 182 (Bkrtcy.E.D.Tenn.1980). This case involved a bulldozer, not a tractor, which was used in the debtor's excavating business and the debtor was not a farmer. The Tennessee court held that the purpose for which goods are bought and used determines the category in which the items are to be placed. In other words, *Butler adopts the "actual use" test.*

John Deere takes the position that the real question before the Court is the *intent* of the debtor at the time he purchased the two tractors and plows *combined* with the purpose for which he *actually* used them after purchase. Notably the creditor also offers both *Butler* and *Leiby* to support its position. Upon analysis the Court finds both the trustee and creditor asserting quite similar positions, but reaching opposite results under the facts. Their positions blur into a combination of the two traditional views on the subject.

 It is this type of confusion which leads the Court to reject both the "intent" and "actual use" theories with regard to these facts. Neither of these theories is particularly helpful and only serve to perpetuate the existing confusion. We hold that the proper consideration for determining place of filing is whether the particular equipment is *normally* used for farming. A tractor and plowing implements are equipment normally used for farming operations and therefore the proper place for filing would be the county of the debtor's residence.

This rule rests upon a predictable approach to filing regarding equipment and other items generally associated with farming operations. It does away with meaningless calculations of the degree to which a piece of equipment may or may not be used in farming operations or burdening creditors with constant monitoring of their collateral. We find no authority in the Bankruptcy Code or the UCC which would mandate either of the traditionally held views as to determining place of filing. Moreover, as is demonstrated by the instant case, such determination appears counter productive since there exists no standard for distinguishing either position.

We have no illusions that our decision here will totally resolve the murky questions with regard to certain equipment. But for items such as tractors and plows, common sense and common understanding should prevail over mere technicalities and confusing theories. In those instances where doubt arises as to the normal use of an item, the logical and better practice is for the creditor to file security interests in all possible places where filing might be required. *In re McClain, supra.*

Finally, we are not persuaded by the trustee's suggestion that since the debtor's occupation was that of diesel repairman and not a farmer, the equipment could not be determined equipment used in farming operations. As has been concisely stated by the 9th Circuit:

> If the drafters of the Code had intended such a result, they could merely have written [article 9] to refer to "equipment of a farmer used in his farming operations." We doubt that they expected anyone to divine such a result from the references to which appellants refer.
>
> . . . .
>
> We think that the drafters of the Code carefully avoided defining "equipment used in farm operations" in terms of the occupational status or contractual arrangements of the debtor-use.

*Sequoia Machinery, Inc. v. Jarrett, supra,* at 1118.

*Conclusion*

The filing in the office of the Clerk of Kay County, Oklahoma by John Deere Co., perfected its security interest in the two tractors and plows. The perfected security interest is superior to the rights and powers of the trustee.

Accordingly, the application for determination of secured creditor status is decided in favor of the John Deere Company. It is ORDERED that the proceeds from the sale of the two tractors and two plows rightfully belong to the creditor, John Deere Co.

Pursuant to B.R. 752 this Memorandum Decision and Order constitutes the findings of fact and conclusions of law.