**In re Patrick J. GALVIN and Sandi K. Galvin, Debtors.**

**Bankruptcy No. 82–05657.**

United States Bankruptcy Court, D. North Dakota.

May 25, 1984.

Phillip D. Armstrong, Minot, N.D., for trustee.

Jerome C. Kettleson, Asst. U.S. Atty., Bismarck, N.D., for USA.

R. James Maxson, Minot, N.D., for debtor.

William Westphal, U.S. Trustee.

## MEMORANDUM AND ORDER

WILLIAM A. HILL, Bankruptcy Judge.

On April 30, 1984, a hearing was held on a Motion For Relief From Stay brought by the United States of America pertaining to certain secured interests of its agencies, of Farmers Home Administration and Commodity Credit Corporation. The Government, by its Motion and pursuant to section 554(b) and section 362(d) of the Code, sought a lifting of the stay with respect to a security interest claimed perfected in all farm and other equipment owned by the Debtors who are farmers. The Trustee resisted the Motion, asserting the Government's security interest was not properly perfected by filing in the proper county. The issue with respect to all equipment was resolved at the hearing except as regards the perfection of the Government's security interest in two Behlen grain storage bins. These bins were financed through loans from the Commodity Credit Corporation and a U.C.C.–1 Financing Statement denoting the security interest was filed on April 25, 1979, with the Register of Deeds for Bottineau County, North Dakota. At the time, the Debtors resided in Minot, North Dakota, which is in Ward County, but owned farm land in Bottineau County where the bins were located.

The U.C.C.–1 statement as recorded specifically states on its face that, "the above goods are to become fixtures on SW ¼ 25–161–81". This statement was signed by the Debtor.

Section 41–09–40 of the North Dakota Century Code (U.C.C. § 9–401) provides that when a financing statement is filed as a fixture and the collateral is goods which are or are to become fixtures the proper place of filing is the office where a real estate mortgage would be recorded. It is conceded by the Trustee that the Government's interest in the grain bins is perfected if, in fact the bins are fixtures. The Trustee asserts, however, that the Debtors' intent is unknown and that the bins may have been intended by him as personalty as opposed to fixtures.

It is the position of the court that the Debtors' intent regarding the bins may be gleaned from the fact that he signed a financing statement clearly denoting the bins as fixtures. Moreover, the proper place of filing may also be determined in view of how equipment of this type is normally used by a farmer. *See generally In re Burgess,* 30 B.R. 364, 36 UCC Rep.Serv. 708 (Bankr.W.D.Okla.1983). The court is familiar with the use generally made of

steel grain storage bins and is also aware that bins of this size (14,767 bushels) are fastened to a concrete foundation either by bolts or by actually grouting the side walls into the concrete. This is necessary in order that a weather tight storage facility be obtained. With this type of attachment it is generally impractical and unduly expensive to disassemble the bins for removal and use anywhere else other than at the original placement site. It seems that for items such as grain bins, common sense and common understanding ought to prevail over what a debtor may later recall his intention to have been at the time of signing either the security agreement or the financing statement. Application of common sense in this instance coupled with the rather obvious expression of intent contained on the face of the U.C.C.–1 statement indicates to the court that the Debtor in the present case intended that the grain bins would become fixtures to his farm property situated in Bottineau County, North Dakota. Consequently, the United States of America is properly perfected in and to the two Behlen grain storage bins.

Further, it is the finding of the court that the Debtors are in default under the terms of the note secured by the above mentioned collateral and they are currently indebted to the United States in an amount in excess of $20,582.00. The value of the two grain storage bins is approximately $8,000.00 and the Government has not been offered any adequate protection for its interest in said collateral.

Accordingly, the stay is hereby lifted and the United States of America is allowed to proceed to take such action as may be necessary to enforce and foreclose upon its security interest in the two Behlen grain storage bins.