

Robert M. Bovarnick, c/o Law Offices of Arthur Halsey Rice, P.A., Miami, Fla., for Julien Studley, Inc.

Fred H. Kent, Jr., c/o Kent, Watts & Durden, Jacksonville, Fla., for debtors.

THOMAS C. BRITTON, Bankruptcy Judge.

### ORDER DENYING EQUITABLE LIEN

Julien J. Studley, Inc., has, by motion, moved for an order determining that it has an equitable lien in the amount of $849,887 against all rental proceeds received by this chapter 11 debtor from tenants in the Edward Ball Building. (C.P. No. 328). The motion was heard on February 8. Movant concedes that its claimed lien would be subordinate to all existing perfected liens. The asserted lien would prime all unsecured creditors. The notice given of this motion is admittedly inadequate. Furthermore, this application should have been presented in an adversary complaint. B.R. 7001(2). I have, however, concluded that the application should be denied on its merits, thus rendering moot the foregoing procedural concerns.

Movant was employed in November, 1980 as the exclusive agent to rent all of the office space provided by the subject build-

**In re HOLYWELL CORPORATION, et al., Debtors.**

**Bankruptcy Nos. 84–01590–BKC–TCB, 84–01591–BKC–TCB, 84–01592–BKC–TCB, 84–01593–BKC–TCB and 84–01594–BKC–TCB.**

United States Bankruptcy Court, S.D. Florida.

Feb. 12, 1985.

ing. Its contract specified its compensation and stipulated certain minimum performance standards. It is undisputed that movant met those standards and that it has not yet received full payment for its services rendered to date. The debtor recognizes a liability of about $249,000 of which $70,000 has been paid, and the debtor contemplates satisfying the balance of the liability through its forthcoming chapter 11 plan. By mutual agreement, the contract was terminated in June, 1984, two months before bankruptcy.

Neither the contract nor Florida law provides any lien to secure payment for these services. *Movant relies on cases where liens were imposed on the bases of improvements made to real property and unjust enrichment.* Movant has failed to establish facts which show that the application of these principles is called for in this instance. *Sandler v. Beck (Matter of Fidelity Standard Mortgage Corp.),* 43 B.R. 654, 657 (Bankr.S.D.Fla.1984).

Movant has cited no case, nor can I find one in which finding tenants in accordance with a broker contract is equated to or constitutes making improvements on the property of another. No expenditure has been made by movant to improve the property in the traditionally understood sense under the law. 1 *Fla.Jur.*2d, Accession, Confusion, and Improvements § 8.

I find, as did the court in *Fidelity,* that: "There has been no showing that [movant] Plaintiff was defrauded or otherwise misled to perform the prepetition services other than in accordance with ... [its] fee arrangement with the Debtors." *See* 34 *Fla.Jur.*2d, Liens § 10.