In the Matter of Maurice Dean **LIPPLY** and **Janet Elaine Lipply, Debtors.**

**Bankruptcy No. 83–30984.**

United States Bankruptcy Court, N.D. Indiana, South Bend Division.

Dec. 10, 1985.

## ORDER

ROBERT K. RODIBAUGH, Chief Judge.

The Citizens National Bank of Whitley County has made an application for the abandonment of the debtors' 1981 Jayco 5th-wheel camper-trailer on the basis that it is of no value to the estate. A separate proceeding is pending regarding the debtors' pick-up truck. The debtors have objected to the abandonment on the basis of an alleged defect in the perfection of Citizens' lien; this matter was taken under advisement September 20, 1985.

■ The only issue raised by the debtors requires the court "to determine the validity, priority, or extent of a lien or other interest in property." Bankruptcy Rule 7001 requires an adversary proceeding, with its formalities and notice requirements, to determine such an issue. Where, however, as in the case at bar, the undisputed facts and the relevant law require the objection to be overruled on the merits there is no harm due to the lack of notice to other parties. *In re Holywell Corp.*, 48 B.R. 69 (Bkrtcy.S.D.Fl.1985).

The stipulated facts and documentation show that Citizens provided the purchase money financing for the debtors' acquisition of the 1981 Jayco 5th-wheel camper-trailer. The trailer is approximately 30 feet long and equipped exclusively as living quarters for persons traveling upon the highways. It is not self-propelled; the debtors pull it with a pick-up truck. Citizens' lien was duly noted upon the Certificate of Title by a public official. The parties entered into a security agreement; however, no financing statement was filed with the Secretary of State or with the Recorder in the county of the debtors' residence.[1]

This case presents a question of first impression in Indiana. The statutory provisions involved, the Indiana Uniform Commercial Code and Indiana Motor Vehicle Code, are substantially similar to many other jurisdictions; therefore, it is appropriate to draw upon the analysis of other courts.

Michael D. Rush, Columbia City, Ind., for creditor.

David A. Rosenthal, Lafayette, Ind., for debtors.

1. The debtors reside in Fulton County; a financing statement was filed in Kosciusko County.

The debtors, in the case at bar, are debtors-in-possession equipped with the avoiding powers of a trustee. § 1107(a). The debtors may avoid Citizens' interest in the camper-trailer unless that interest is properly perfected. § 544. The debtors contend that no financing statement was filed in the location(s) specified by I.C. 26-1-9-401 and that Citizens is therefore unperfected.

The filing requirements for the perfection of a security interest are set out in I.C. 26-1-9-302, which provides in pertinent part:

(1) A financing statement must be filed to perfect all security interests except the following:

(d) A purchase money security interest in consumer goods; but filing is required ... for a motor vehicle required to be licensed; [2]

.　　.　　.　　.　　.

(3) The filing provisions of this article [chapter] do not apply to a security interest in property subject to a statute

(b) of this state which provides for central filing of security interests in such property, or in a motor vehicle which is not inventory held for sale for which a certificate of title is required under the statutes of this state if a notation of such a security interest can be indicated by a public official on a certificate or a duplicate thereof.[3]

Understanding the exceptions from filing as they relate to the case at bar requires a brief examination of the motor vehicle code.

I.C. 9-1-1-2 defines, "for the purposes of chapter 1 through 4 of [the motor vehicle code]":

(b) Motor Vehicle.—Every vehicle, as herein defined, which is self-propelled ...

.　　.　　.　　.　　.

(t) Recreational Vehicle.—Every vehicle with or without motive power equipped exclusively for living quarters for persons traveling upon the highways.

I.C. 9-1-2-1 subjects both motor vehicles and recreational vehicles to the certificate of title requirements administered by the Bureau of Motor Vehicles. These definitions clearly overlap to some extent; both are included within the broader definition of "Vehicle." I.C. 9-1-1-2(a).

The UCC does not recognize filing as a valid method for the perfection of a security interest in a motor vehicle subject to a certificate of title requirement.[4] The 1962 version of the Model UCC, as adopted by Indiana in I.C. 26-1-9-302(3)(b), was drafted to account for the problem that non-mandatory certificate of title laws posed. Maine and Massachusetts both still present such a problem.[5] *In re Crowley*, 39 UCC Rep. 671, 42 B.R. 603 (Bkrtcy.D.Me.1984). The certificate of title requirement in Indiana is mandatory and has recently been extended to include all camping trailers except very lightweight campers manufactured prior to 1986. I.C. 9-1-2-4. The 1981 Jayco 5th-wheel camper-trailer was subject to a certificate of title requirement at the time Citizens took their security interest.

The 1972 version of the Model UCC which was adopted by Indiana to become effective January 1, 1986, changed the wording of I.C. 26-1-9-302(3)(b). The modification modernizes the language and removes any confusion which might result from the language dealing with, "obsolete non-mandatory certificate of title laws."

---

**2.** The revision effective January 1, 1986 reads, "(d) ... for a motor vehicle required to be registered;"

**3.** The revision effective January 1, 1986 exempts property subject to, "I.C. 9-1-2-1 concerning motor vehicles" [other than inventory].

**4.** The filing requirement for motor vehicles held as inventory is not applicable in the case at bar.

**5.** In both states automobiles which are ten or more years old are exempt from the certificate of title requirements.

Uniform Commercial Code (U.L.A.) § 9–302, Official Reasons for 1972 Change.

The term "motor vehicle" is not defined in the UCC but has been broadly construed to mean those vehicles subject to a certificate of title requirement. Mobile homes, although clearly not motorized, have been found to be motor vehicles for the purposes of determining whether a vehicular certificate of title was the proper location to note a lien. *In re Brown,* 40 UCC Rep. 684, 45 B.R. 766 (Bkrtcy.N.D.N.Y.1985). This broad interpretation is supported by the 1972 official comment which states:

> "In addition to such central filing statutes many states have enacted certificate of title laws covering motor vehicles *and the like.* Subsection (3) exempts transactions covered by such laws from the filing requirements of the Article." (emphasis added)

Security interests in trailers in states where they are subject to a certificate of title requirement must be shown on the certificate of title to be properly perfected. *In re Ramco Well Service, Inc.,* 32 B.R. 525, 530 (Bkrtcy.W.D.Ok.1983); *In re ASW III Builder-Contractor, Inc.,* 12 B.R. 29, B.L.D. ¶ 68,086 (Bkrtcy.E.D.Va.1981). Citizens' lien was properly noted in the case at bar.

The debtors contend that the term "motor vehicle" is specifically limited by the Motor Vehicle Code to only those vehicles which are self-propelled. They argue that this narrow definition should be used in the Indiana Uniform Commercial Code. Since a camper-trailer is not self-propelled, the debtors contend, perfection upon the certificate of title should be ineffective. This interpretation would, according to the debtors, promote the policy of interpreting the UCC to have the broadest possible scope.

■ The court declines to incorporate the "self-propelled" requirement into the UCC. While the two codes are inter-related and must be considered together, any interpretation must not hinge on an isolated clause and should promote the implementation of the policies and objectives behind the statute. *Philbrook v. Glodgett,*

421 U.S. 707, 95 S.Ct. 1893, 44 L.Ed.2d 525 (1975). To incorporate the "isolated clause" narrowly defining motor vehicles in the Motor Vehicle Code into the provision of the UCC which deals with certificate of title requirements would frustrate the purpose of the exception. No additional public forum is needed where a lien has been noted on the certificate of title by a public official. Vehicles are highly mobile; a UCC filing in Indiana would be of little assistance to a recreational vehicle dealer in Oklahoma offered a trade-in with an apparently clear Indiana certificate of title. An underlying policy of the UCC is the promotion, not hindrance, of modern business practices.

■ Even were the debtors to prevail in the interpretation of "motor vehicle," Citizens would still be properly perfected. Where a camper-trailer, as in the case at bar, is purchased by the debtor for his personal or family recreation it is a consumer good. *In re Ten Brock,* 4 UCC Rep. 712 (W.D.Mi.1966). If a camper-trailer is not a motor vehicle, then no filing is required to perfect a purchase money security interest such as that held by Citizens. I.C. 26–1–9–302(1)(d). Citizens therefore prevails under either interpretation.

■ Wherefore, the court holds that the 1981 Jayco 5th-wheel camper-trailer is a motor vehicle subject to a certificate of title requirement for the purposes of the exception from the filing requirements of the Indiana Uniform Commercial Code. Citizens' lien was properly perfected by notation by a public official on the certificate of title. The debtors have no equity in the camper-trailer, and it is not needed for a successful reorganization. Citizens' application for abandonment is GRANTED.

SO ORDERED.