Hillsborough,
No. 4933.

STEPHEN MORRA *v*. HARRY HILL & *a*,

Argued November 7, 1961.

Decided November 30, 1961.

*Broderick & Loughlin* (*Mr. Loughlin* orally), for the plaintiff.

*Joseph V. Stancik* (by brief and orally), for the defendants.

DUNCAN, J. The defendants, who are husband and wife, own and operate a mobile home park in Manchester, known as "Hill's Trailer Court," which accommodates some forty house trailers. Access to and from the public highway is provided by means of a semicircular paved driveway. The plaintiff, who was engaged in the range and fuel oil business, was given permission by the

defendants in August or September 1957 to service trailers in the park, and thereafter for a period of approximately a year delivered oil to a substantial number of them, as well as to the defendants and members of their family, until the defendants advised him that they did not "want [him] in the park any more." On September 12, 1958, following a dispute over a small bill for gasoline furnished an employee of the defendants at the plaintiff's store, the defendant wife again advised the plaintiff to leave the park and not return. When he declined to leave the police were called, and when he returned later the same day with his oil truck, the defendants blocked his exit until after a conference with the police and counsel for the parties. The plaintiff has not since undertaken to enter the park.

The defendants' evidence tended to prove that the request that the plaintiff cease deliveries in the park was preceded by complaints from trailer owners of excessive noise from his delivery truck, damage to asphalt pavement by oil leakage from the truck, excessive speed within the park, and operation of the truck in the park at unreasonable hours and for purposes other than delivery of oil. There was evidence that the plaintiff made frequent and lengthy calls at one particular trailer during nighttime hours when his truck was permitted to stand with the motor running, and that this trailer was subsequently evicted from the park.

The evidence also tended to show that the trailer owners who occupied the park had no written leases but were charged $20 per month, and were expected to sign registration blanks agreeing to certain regulations for the conduct of the park, including rules which forbade "solicitors" without "permission . . . granted at the office," and the operation of vehicles in excess of five miles an hour.

There was no evidence that the plaintiff delivered oil to any trailer owner under contract, but it appeared that over the year during which he did business at the park he delivered oil with some regularity to a number of trailers. It was his contention that the defendants wrongfully deprived him of the opportunity to derive continued profits from this business, and he produced evidence of the profits derived during the year in question.

The law is settled that one who without privilege to do so purposely prevents a third person from continuing a business relation with another is liable to the other for harm sustained as a result. *Russell* v. *Croteau*, 98 N. H. 68, and authorities cited. Prosser on Torts (2d *ed.*) s. 106; Note: Interference with Con-

494

tractual Relations in New England, 38 B. U. L. Rev. 285. In the case before us, it could be found that although the plaintiff entered into his business relationships with the defendants' tenants pursuant to permission from the defendants to do so, he thereafter continued to make deliveries in the right of the tenants as well.

The relationship between the defendants and the owners of trailers was in essence that of landlord and tenants at will. RSA 540:1. See *Wormood* v. *Association,* 87 N. H. 136. Hence the defendants were subject to the principles governing the landlord and tenant relationship (Hodes and Roberson, The Law of Mobile Homes (1957) *p.* 144) and were bound to permit persons having business with the tenants to have access to the park in the right of the tenants, subject to the limitations of reasonable user and any restriction agreed upon between the defendants and the tenants. 32 Am. Jur., Landlord & Tenant, *ss.* 171, 200. See *Ellis* v. *Knowles,* 90 Ga. App. 40; Annot. 6 A. L. R. 465.

The defendants were not at liberty to terminate the license properly conferred by their various tenants upon the plaintiff to use the park driveway in a reasonable manner in the conduct of legitimate business with the tenants. See *Commonwealth* v. *Richardson,* 313 Mass. 632. They sought to justify their interference with the conduct of the plaintiff's business by showing that the plaintiff's use was unreasonable, going beyond the rights of the tenants, in violation of the terms of their occupancy as stated in the park registration blanks. However the jury was not required to accept the defendants' evidence tending to show that the right of access was exceeded or abused, which the plaintiff denied; and there was evidence upon which it could .find that the plaintiff's rights had been violated, and that he had suffered pecuniary loss thereby. See Restatement of the Law, Torts, *s.* 766, *s.* 870, *comment* b.

"As in other instances where justification is required, the burden of proof was upon the defendant to establish the existence of [a privileged] occasion . . . The jury could have disbelieved in toto the evidence tending to show a privileged occasion . . . [and] have found for the plaintiff on the ground that the defendant's injury to the plaintiff remained wholly unjustified. The conclusion is unescapable that this was a jury case." *Owen* v. *Williams,* 322 Mass. 356, 360-361.

No exceptions were taken to the instructions to the jury, and the record before us does not compel the conclusion that the verdict

was contrary to the law or the evidence, as alleged by the defendants' motion to set aside the verdict. It follows that the order must be

*Judgment on the verdict.*

All concurred.