Rockingham
No. 6940

WILLIAM MUSE and VERONICA MUSE

v.

MERRIMACK VALLEY NATIONAL BANK

October 31, 1974

*Robert Shaw,* orally and by brief, for plaintiffs.

*McDonald, Cogswell, MacDougall, Gleed & Laraba* (of Massachusetts) *(Mr. Peter Laraba* orally) for the defendant.

KENISON, C.J. Plaintiffs initiated this action in the superior court to recover unpaid rent. Trial without a jury resulted in a verdict of $1,000 for plaintiffs. Defendant's

motion to set aside the verdict was denied, and its exceptions were reserved and transferred by *Morris, J.* The primary issue to be resolved by this court is whether the verdict below is in accord with the law and weight of the evidence.

The parties agree as to the basic facts. Plaintiffs are owners of a trailer park in Salem, New Hampshire, in which they rent trailer space and facilities in return for a fixed monthly payment. One of their renters was Mrs. Janet Turgeon whose trailer was financed through a security agreement with the defendant bank. On June 30, 1971, plaintiffs notified Mrs. Turgeon that her rent would be increased from $40 to $100 per month as of the first Tuesday in August. In the notice plaintiffs stated that Mrs. Turgeon was a source of aggravation and that if the new rent was not satisfactory, "please move". In August Mrs. Turgeon did move, leaving the trailer in place and without paying rent for July. On August 30, plaintiffs obtained a judgment against Mrs. Turgeon in the Salem District Court for the unpaid rent of July and August which totaled $140.

In September plaintiffs contacted the defendant with regard to removing the trailer from their premises. Plaintiffs' position was that removal would not be permitted until the rent arrearage was paid. On October 27, Mr. Bradley, an officer of the bank indicated to Mrs. Muse that the bank would be willing to pay a "reasonable" rental for the unpaid months but not at the rate of $100 per month. This offer was refused. In January 1972, plaintiffs obtained a second judgment against Mrs. Turgeon for rents owing for September and October in the amount of $200.

On May 22, the parties to this action agreed that nine months' rent was due plus the arrearage of $140. It was not agreed at what rate the nine months would be calculated, nor was it agreed what period the $140 arrearage covered. As part of the agreement the bank assented to paying what rent a court might determine to be due to plaintiffs under the circumstances up to $1,000. The record does not reveal how the trial court arrived at the verdict of $1,000. Apparently, it found nine months' rent owing at $100 per month plus the $140 arrearage, but restricted recovery to the limit set by the parties.

The crucial dispute in this case is the extent of the monthly rental obligation which the bank agreed to assume in order to regain possession of the abandoned trailer. In arguing to sustain the trial court's verdict plaintiffs contend that the extent of the bank's obligation is determined by the notice of June 30, 1971, which increased the monthly rent to $100. Defendant claims that the rent increase was illegal and, therefore, it is obliged only to the extent of $40 per month.

Whether the rental increase can be enforced as against the bank depends on the nature of the relationship between plaintiffs and Mrs. Turgeon which was essentially that of landlord and tenant, and therefore, governed by the same rules. *Morra v. Hill,* 103 N.H. 492, 494, 175 A.2d 824, 825 (1961). Since there was no contract to the contrary, Mrs. Turgeon's tenancy was one at will from month to month. RSA 540:1; *Morra v. Hill supra.*

A tenancy at will from month to month may be terminated by the lessor's written notice to the lessee one month prior to the date of termination. RSA 540:2-3; 2 R. Powell, Real Property §§ 253, 255 (1972); Isaacson, *Notice to Quit Under the Landlord-Tenant Relationship,* 42 Conn. B.J. 370, 371 (1968). Plaintiffs' letter of June 30, 1971, to Mrs. Turgeon constituted an adequate notice to quit. *Carey v. Dunne,* 95 N.H. 303, 305, 63 A.2d 232, 233 (1948). It was given to Mrs. Turgeon one month prior to the proposed termination date and stated succinctly that if the rent increase was not acceptable, Mrs. Turgeon should move.

Although Mrs. Turgeon moved pursuant to the notice, she left the trailer behind. Since the trailer continued to occupy space after the tenancy was terminated, Mrs. Turgeon became a holdover tenant. 1 American Law of Property § 3.32 (A.J. Casner ed. 1952). The lessor may treat a holdover tenant as a trespasser, evict him or hold him as a tenant. 2 R. Powell, Real Property § 254 (1973); 15 S. Williston, Contracts § 1856 (1972); 1 American Law of Property § 3.33 (A.J. Casner ed. 1952). By permitting the trailer to remain on their property, the plaintiffs elected to hold Mrs. Turgeon as tenant.

The continued presence of the trailer, however, did not bind either Mrs. Turgeon or the bank, by virtue of its agree-

ment to assume her rent obligations, to pay the increased rental for the entire nine-month period. 2 R. Powell, Real Property § 254 (1973). To the extent that plaintiffs secured judgments against Mrs. Turgeon in the district court, the bank is bound by those judgments and, thus, owes plaintiffs $340. But, for the remaining seven-month period, from November to June, Mrs. Turgeon as a holdover tenant was liable only for the reasonable rental value of the trailer space and the bank should be liable for no more. *Leslie Pontiac, Inc. v. Novak,* 202 N.W.2d 114, 117 (Ia. 1972); *Maguire v. Haddard,* 325 Mass. 590, 593, 91 NE.2d 769, 771 (1950); *Welk v. Bidwell,* 136 Conn. 603, 608, 73 A.2d 295, 298 (1950).

Accordingly, the trial court's order is modified to award plaintiffs $620, the total of the two judgments rendered by the district court, or $340, plus seven months' rent at a reasonable rate as determined by the rental rate prior to the increase.

Defendant argues that the rent increase amounted to a constructive eviction. Since the letter of June 30, 1971, was a proper notice to quit, the rental increase which it contained did not constitute a constructive eviction. Once Mrs. Turgeon received notice within the prescribed period, her rights were legally terminated and, therefore, constructive eviction was impossible. *See* 1 American Law of Property § 3.51 (A.J. Casner ed. 1952); Annot., 91 A.L.R.2d 638, 640 (1963).

*Defendant's exceptions sustained in part.*

All concurred.