In re Joseph L. ELIE, and Claire
Diane Elie, Debtors.

**FINANCEAMERICA CORPORATION
OF NEW HAMPSHIRE,
INC., Plaintiff,**

v.

**Joseph L. ELIE, Claire Diane Elie and
Jon D. Schneider, Interim
Trustee, Defendants.**

Bankruptcy No. 80–02192–JG.
Adv. No. A81–0021.

United States Bankruptcy Court,
D. Massachusetts.

April 8, 1981.

Howard J. Nedved, Nashua, N. H., for plaintiff.

Jon D. Schneider, Goodwin, Procter & Hoar, Boston, Mass., trustee.

## MEMORANDUM

JAMES N. GABRIEL, Bankruptcy Judge.

Plaintiff, FinanceAmerica Corporation of New Hampshire, Inc., filed a complaint for the reclamation of a tent trailer in which it alleges a purchase money security interest. The debtors failed to answer. The interim trustee, however, filed both an answer and a motion for summary judgment alleging that no outstanding issue of material fact exists. At the pre-trial conference both parties agreed that an evidentiary hearing would not be necessary and stipulated to the relevant facts. The court is satisfied that summary judgment in accordance with Bankruptcy Rule 756 and Rule 56(c) of the Federal Rules of Civil Procedure [1] is appropriate.

The parties have stipulated that the plaintiff is a holder in due course of a security installment sales contract from the debtors on a 1980 Rockwood tent trailer originally made with Campamerica on May 27, 1980, and assigned to plaintiff without recourse. As of November 25, 1980, the gross balance, including pre-computed interest, was $3,503.31 and the net payoff was $2,710.40. The original purchase price of said tent trailer was $4,296.00. As of the date of filing this complaint, the note was in default. Through their attorney, debtors had informed the plaintiff that they intended to make no further payments and were willing to return the tent trailer to plaintiff.

The trailer was purchased in New Hampshire and brought to Massachusetts, the State in which the debtors reside. The parties are in agreement that Massachusetts law governs the instant transaction.

---

1. F.R.Civ.P. 56(c) says in pertinent part:
   "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The sole issue is whether the tent trailer is consumer goods according to the Massachusetts General Laws, Chapter 106, Section 9–109, as no financing statement was filed with the Secretary of State of the Commonwealth.[2]

Since the plaintiff did not file with the Secretary of State, the issue of whether the tent trailer is consumer goods will be determinative of plaintiff's rights in the debtor's estate as against the trustee in bankruptcy. Either the plaintiff is a validly perfected secured creditor or he is relegated to the status of an unsecured creditor in relation to the interim trustee. The Massachusetts statute is explicit: (Mass.Gen.Laws, Ch. 106, Section 9–302)

> When filing is required to perfect security interest; Security interests to which filing provisions of this Article do not apply.
>
> (1) A financing statement must be filed to perfect all security interests except the following:
>
> ... (d) a purchase money security interest in consumer goods

The code divides goods into four major categories for classification purposes. Mass.Gen.Laws, Chapter 106, Section 9–109 states: Goods are (1) "consumer goods" if they are used or bought primarily for personal, family or household purposes. The other categories are defined as equipment, farm products and inventory.

The plaintiff strenuously contends that the tent trailer is within the category of consumer goods, that it cannot reasonably fit into one of the other categories, and that it was purchased by the debtors solely for recreational purposes. The trustee has presented no evidence to the contrary as to the tent trailer's intended use.

The Official Uniform Commercial Code Comment states "the classes of goods are mutually exclusive ... in borderline cases ... the principal use to which the property is put should be considered determinative." [3]

Although this appears to be a case of first impression within this Commonwealth, I must find the tent trailer to come within the definition of consumer goods as intended by the drafters of the Code. By analogy, I note that in Massachusetts even motor vehicles have been held to be within the exception from the filing requirements provided for purchase money security interests in consumer goods. See: *National Shawmut Bank of Boston v. Corcoran Motor Sales Co., Inc.*, 10 UCC Rep. 273 (Mass.App. Div.1971); *Rockland Credit Union, Inc. v. Gauthier Motors, Inc.*, 5 UCC Rep. 637 (Mass.App.Div.1967); *National Shawmut Bank of Boston v. Vera*, 352 Mass. 11, 223 N.E.2d 515 (1967). Likewise in other jurisdictions, motor boats have been held to fit the description of "consumer goods" bought for personal use, *Chemical Bank v. Miller Yacht Sales*, 28 UCC Rep. 1160, 173 N.J.Super. 90, 413 A.2d 619 (1980); *McGehee v. Exchange Bank & Trust Co.*, 23 UCC Rep. 816, 561 S.W.2d 926 (Tex.Civ.App.1978), as have mobile homes, *In re Williams*, 10 UCC Rep. 277 (D.C.D.Me., Ref.1971), and campertrailer; *In re Ten Brock*, 4 UCC Rep. 712 (D.C.W.D.Mich., Ref.1966).

Accordingly, I find the plaintiff to have a valid and perfected security interest in the tent trailer and to be entitled to reclamation.[4]

---

2. The plaintiff did file a U.C.C. financing statement with the Town Clerk of Chelmsford, Massachusetts, allegedly to protect its rights against a subsequent bona fide purchaser for value.

3. Comment: Mass.Gen.Laws, Ch. 106, Section 9–109, footnote 2.

4. The trustee's counterclaim, alleging that payments made to the plaintiff on the installment sale contract within 90 days of filing constitute a voidable preference under Section 547 of the Bankruptcy Code (11 U.S.C. Section 547) is dismissed as it is inconsistent with the above findings.