Hillsborough-northern judicial district
No. 93-693

JON AND BEATRICE LARO

v.

LEISURE ACRES MOBILE HOME PARK ASSOCIATES

June 1, 1995

*Finis E. Williams, III,* of Concord, by brief and orally, for the plaintiffs.

*Bouchard & Mallory, P.A.,* of Manchester (*Blake M. Sutton* on the brief and orally), for the defendant.

BATCHELDER, J. The plaintiffs, Jon and Beatrice Laro, appeal the dismissal of their suit against the defendant, Leisure Acres Mobile Home Park Associates, for personal damages and damage to their mobile home arising from their eviction from the defendant's mobile home park. They argue that: (1) the Superior Court (*Sullivan,* J.) erred in granting the defendant's motion for summary judgment on two counts contained in the suit; and (2) the Superior Court (*Arnold,* J.) erred in granting the defendant's motion to dismiss the remaining counts. We affirm.

On May 1, 1985, the plaintiffs purchased by manufactured housing warranty deed a mobile home located on pad #61 at the defendant's mobile home park from its previous owners. The defendant consented to the conveyance as required by RSA 477:44 (1992) (amended 1994). Thereafter, the relationship between the plaintiffs and the defendant deteriorated. On seven different occasions between March 22, 1988, and March 15, 1989, the defendant notified the plaintiffs in writing that their conduct, including using their mobile home as a private business, constructing an addition without prior approval, ignoring water conservation requirements, and assaulting the park manager, violated park rules. When the plaintiffs did not alter their conduct, the defendant initiated eviction proceedings in the Milford District Court.

Following a hearing, the District Court (*Drescher,* J.), on November 1, 1989, ruled that the plaintiffs' continued violation of park rules after having received written notification justified eviction. Because the plaintiffs failed to pay the required filing fee, the superior court dismissed their appeal of the district court decision. *See* RSA 540:20 (1974) (current version at RSA 540:20 (Supp. 1994)); SUPER. CT. R. 169(A)(1).

On December 9, 1989, the defendants obtained a writ of possession "of the premises described as: Lot 61, Melendy Road, situate in Leisure Acres Mobile Home Park." Initial attempts to serve the writ of possession met with threats of violence from plaintiff Jon Laro. With the assistance of the New Hampshire State Police, plaintiff Jon Laro, who had locked himself in the mobile home, was forcibly evicted on April 12, 1990. Shortly thereafter, the defendants arranged for a mobile home moving company to move the mobile home from the park to a storage facility. The move in fact was accomplished.

In response, the plaintiffs brought this suit against the defendant, alleging wrongful eviction, interference with contractual relationships, misrepresentation, conversion, and infliction of emotional distress. The defendant moved for summary judgment. The Superior Court (*Sullivan,* J.) granted summary judgment on the counts alleging wrongful eviction, misrepresentation, and conversion. The defendant filed a motion *in limine* to limit evidence presented in the remaining counts to damage to the mobile home resulting from the alleged negligent manner in which it was removed. The Trial Court (*Hampsey,* J.) granted the motion. Consequently, the only issue remaining was the defendant's alleged negligent removal of the mobile home.

Prior to trial, the defendant filed a motion to exclude the testimony of the plaintiffs' expert witness, a real estate appraiser who was prepared to testify to the difference between the mobile home's value when it was on its pad in the defendant's park and its value after having been removed to the storage facility. Because the plaintiffs conceded that their expert was "not qualified to testify regarding what a mobile home remover would do in actually physically removing a mobile home," the Trial Court (*Arnold,* J.) granted the motion. The defendant then moved for a directed verdict, which the trial court also granted. The plaintiffs did not object. This appeal followed.

The plaintiffs' first two arguments, regarding the grant of the defendant's motion for summary judgment on two counts of the action, both concern wrongful eviction. Although the plaintiffs do not challenge their personal eviction, they maintain that the removal of their mobile home from its pad in the defendant's park was improper. We address these arguments together.

On appeal of a grant of summary judgment, "we consider the affidavits, as well as all inferences properly drawn from them, in the light most favorable to the plaintiff[s]. If there is no genuine issue of material fact, and if the moving party is entitled to judgment as a matter of law, the court must grant summary judgment." *Dwire v. Sullivan,* 138 N.H. 428, 430, 642 A.2d 1359, 1360 (1994) (citation omitted); *see* RSA 491:8-a, III (1983).

■ By contending that the defendant had no authority to remove their mobile home, the plaintiffs ignore the distinction between eviction from a rental property and eviction from a mobile home park. When a tenant is evicted from a mobile home park, the mobile home is "evicted" and removed as well.

The writ of possession dated December 9, 1989, gave the defendant possession of "the premises described as: Lot 61, Melendy Road, situate in Leisure Acres Mobile Home Park." "Premises is an elastic and inclusive term, and it does not have one definite and fixed meaning; its

meaning is to be determined by its context and is dependent on circumstances in which [it is] used . . . ." BLACK'S LAW DICTIONARY 1180–81 (6th ed. 1990). In this case, in order for the defendant to regain possession of the "premises," explicitly described as the pad in their mobile home park, removal of the mobile home was required.

■ When the plaintiffs left their mobile home in the defendant's park after their eviction, they became holdover tenants. *Cf. Muse v. Merrimack Valley Nat'l Bank,* 114 N.H. 700, 702, 327 A.2d 719, 721 (1974) (eviction from trailer park). Had the defendant permitted the mobile home to remain in its park, the plaintiffs would have remained its tenants despite the eviction. *Id.*

■ The plaintiffs maintain that RSA 205-A:2, III (1989) prohibited the removal of their mobile home. This provision prohibits the owner of a mobile home park from removing a mobile home that is "safe, sanitary and in conformance with aesthetic standards." *Id.* RSA 205-A:3 (1989), however, specifies the circumstances under which a park owner may terminate a tenancy. Because terminating the tenancy encompasses removal of the mobile home, and because the statute must be read as a whole, *Roberts v. General Motors Corp.,* 138 N.H. 532, 536, 643 A.2d 956, 958 (1994), we interpret RSA 205-A:2, III to prohibit removal of an otherwise appropriate mobile home unless justified under another section of the statute. *See Raudonis v. Ins. Co. of North America,* 137 N.H. 57, 61, 623 A.2d 746, 749 (1993) (presuming legislature does not enact statute leading to absurd result).

■ Although the trial court concluded that removal of the mobile home was proper because it was "goods of [the plaintiffs]," the distinction between personal property and a mobile home is apparent. *See, e.g.,* RSA 477:4, I (mobile home treated as real estate for purposes of transfer). Although we have concluded that removal of the mobile home was proper as incident to the eviction and the trial court ruled that it was proper as goods of the tenant, the outcome is the same. We will not overrule the trial court's grant of summary judgment where it reached the right result, albeit on mistaken grounds. *Town of Tilton v. State,* 137 N.H. 463, 467, 629 A.2d 791, 794 (1993).

The plaintiffs also maintain that the trial court erred in granting the defendant's motion to exclude testimony of their expert witness and, consequently, granting the defendant's motion for a directed verdict. We will not reverse the trial court's decision whether to qualify a witness as an expert absent an abuse of discretion. *Mankoski v. Briley,* 137 N.H. 308, 310, 627 A.2d 578, 579 (1993).

■ The trial court limited the issue of damages to those resulting from the alleged negligent removal of the mobile home. The plaintiffs do not

challenge this ruling on appeal. The defendant subsequently moved to exclude the testimony of the plaintiffs' expert witness, a real estate appraiser who was prepared to testify to the difference between the value of the plaintiffs' mobile home on its pad in the defendant's park and its value after it was placed in storage. The plaintiffs conceded that their expert was "not qualified to testify regarding what a mobile home remover would do in actually physically removing a mobile home." Because the only issue remaining before the trial court was the damage to the mobile home not from its removal alone, but from its alleged negligent removal, the trial court did not abuse its discretion in excluding the realtor's testimony.

The defendant then moved for a directed verdict; the trial court granted the motion. Because the plaintiffs did not object, we do not address the propriety of the trial court's action. *State v. Horne,* 136 N.H. 348, 349, 615 A.2d 1251, 1252 (1992).

*Affirmed.*

All concurred.