Rockingham
No. 95-706

GERALD GAUCHER

v.

COLD SPRINGS RV CORP.

September 23, 1997

*Casassa and Ryan*, of Hampton (*Daniel R. Hartley* on the brief and orally), for the plaintiff.

*Law Office of Rodney L. Stark, P.A.*, of Manchester (*Cynthia L. Fallon* on the brief and orally), for the defendant.

HORTON, J. The defendant, Cold Springs RV Corp., appeals a decision of the Superior Court (*Gray*, J.) which granted partial summary judgment to the plaintiff, Gerald Gaucher, and denied partial summary judgment to the defendant. The defendant argues that the superior court erred: (1) in holding that the plaintiff's travel trailer was a "consumer good" under the Uniform Commercial Code, *see* RSA 382-A:9-109(1) (1994); and (2) in denying the defendant's request for attorney's fees incurred in the repossession and disposition of the travel trailer and in the collection of the deficiency. We affirm.

The following facts are undisputed, except as noted. In May 1990, the plaintiff entered into a "Retail Installment Contract and Security Agreement" with the defendant for the purchase of a 1990 Play-Mor travel trailer. The plaintiff agreed to pay approximately $320 monthly for seven years and granted the defendant a security interest in the travel trailer. According to the contract, the plaintiff's failure to make a timely payment would constitute an event of default, which would authorize the defendant to repossess and sell the travel trailer. In a separate agreement, the defendant leased a site at its campground to the plaintiff for an annual fee of $1075.

Beginning with the first installment, the plaintiff failed to make payments for the travel trailer on time. The plaintiff also fell behind in payments on the lease. From October 1990 to March 1992, the defendant sent several letters to the plaintiff concerning his payment failures and its repossession rights. By letter dated July 8, 1992, the defendant notified the plaintiff that it intended to repossess the travel trailer unless it received full payment for the travel trailer and campground site by July 20, 1992.

The parties dispute the existence of a side agreement between the plaintiff and an employee of the defendant containing payment terms more favorable to the plaintiff than the defendant's July 8, 1992, letter. The parties also dispute whether the defendant repossessed the travel trailer prior to July 20, 1992. There is no dispute on appeal, however, that the travel trailer was sold to a third party on September 19, 1992, and that the plaintiff received no prior notice of the sale.

After the defendant repossessed the travel trailer, the plaintiff commenced this replevin action in which he also asserted claims under RSA chapter 358-A (1995 & Supp. 1996). The defendant counterclaimed to recover the deficiency remaining after its sale of

the travel trailer. After learning of the sale, the plaintiff amended his writ to withdraw the replevin claim and to assert additional claims, including a claim that the defendant violated RSA 382-A:9-504(3) (1994) by failing to provide notice of the sale to the plaintiff. Both parties moved for summary judgment as to the plaintiff's claim under RSA 382-A:9-504(3) and the defendant's counterclaim for the deficiency.

The superior court granted summary judgment to the plaintiff on his RSA 382-A:9-504(3) claim and awarded the plaintiff statutory damages under RSA 382-A:9-507(1) (1994) and attorney's fees. The court granted summary judgment to the defendant on its counterclaim for the deficiency, but denied the defendant's request for attorney's fees. On appeal, the defendant argues that the superior court erred in holding that the travel trailer was a consumer good and in denying the defendant's request for attorney's fees.

In reviewing the superior court's summary judgment rulings, we consider the evidence in the light most favorable to each party's capacity as a non-movant, and, if no genuine issue of material fact exists, we determine whether either moving party is entitled to judgment as a matter of law. *See N.E. Tel. & Tel. Co. v. City of Franklin*, 141 N.H. 449, 452, 685 A.2d 913, 916 (1996); RSA 491:8-a, III (1997). "The interpretation of a statute is to be decided ultimately by this court." *Petition of Walker*, 138 N.H. 471, 474, 641 A.2d 1021, 1024 (1994).

## I. Travel Trailer as a Consumer Good

The defendant argued below that its repossession and sale of the plaintiff's travel trailer was not governed by Article 9 of the Uniform Commercial Code because the travel trailer was a motor vehicle governed solely by RSA chapter 361-A (1995 & Supp. 1996) (concerning retail installment sales of motor vehicles) and RSA 261:23-:29 (1993 & Supp. 1996) (governing security interests in vehicles). The defendant also argued that the plaintiff was not entitled to the specific damages provided by RSA 382-A:9-507(1) for consumer goods because the travel trailer was not a consumer good. The superior court assumed without deciding that the travel trailer was a motor vehicle, but rejected the defendant's contention that the motor vehicle statutes rendered the default, repossession, and disposition provisions of Article 9 inapplicable, *see* RSA 382-A:9-501 *et seq.* (1994). The superior court further concluded that the travel trailer was a consumer good because the plaintiff used it for personal purposes. *See* RSA 382-A:9-109(1). Ruling that the defendant failed to provide the notice required by RSA 382-A:9-504(3),

the court awarded the plaintiff the specific damages applicable to consumer goods under RSA 382-A:9-507(1).

Relying on *Laro v. Leisure Acres Mobile Home Park Associates*, 139 N.H. 545, 548, 659 A.2d 432, 435 (1995), the defendant now argues that the travel trailer was not a consumer good because it "functioned essentially as real estate," not personal property. Assuming without deciding that the defendant's general challenge below to the travel trailer's status as a consumer good is sufficient to preserve this new legal theory, *cf. Riverwood Commercial Prop's v. Cole*, 134 N.H. 487, 490, 593 A.2d 1153, 1155-56 (1991), we conclude that the defendant's reliance on *Laro* is misplaced. In *Laro*, the mobile home at issue was manufactured housing, *see Laro*, 139 N.H. at 546, 659 A.2d at 433, which by statute was treated as real estate, *see* RSA 477:44 (1992 & Supp. 1996).

■ In this case, the defendant cites no persuasive legal authority to support its contention that a travel trailer is akin to real estate. Both the factual record and decisions from other jurisdictions support the superior court's conclusion that the travel trailer was a consumer good. The plaintiff submitted an affidavit stating that "[a]t all times the Travel Trailer was used for personal, family and household purposes." *See* RSA 382-A:9-109(1). We hold that the superior court properly focused on the travel trailer's use by the plaintiff, *see id.*, and correctly characterized the travel trailer as a consumer good. *See In re Elie*, 11 B.R. 24, 25 (Bankr. D. Mass. 1981) (collecting cases and holding "tent trailer" to be consumer good); *cf. In re ASW III Builder-Contractor, Inc.*, 12 B.R. 29, 31-32 (Bankr. E.D. Va. 1981) ("travel trailer" could not be characterized as consumer good in the absence of evidence that it was used for personal, family or household purposes).

## II. Attorney's Fees

Although the superior court granted summary judgment to the defendant on its counterclaim for the deficiency, the court, relying on RSA 361-C:2, II (1995), denied the defendant's request for attorney's fees. RSA 361-C:2, II states that a retail installment contract that provides for the award of attorney's fees to a retail seller or creditor in an action against a retail buyer or debtor must also provide that

> [i]f a buyer, borrower or debtor successfully asserts a partial defense or set-off, recoupment or counterclaim to an action brought by the retail seller, lender or creditor, the court may withhold from the retail seller, lender or creditor

the entire amount or such portion of the attorney fees as the court considers equitable.

The parties' retail installment contract, which provided for the award of attorney's fees to the defendant, contained language in accordance with RSA 361-C:2, II.

■ Confining its arguments to the superior court's authority to withhold attorney's fees, the defendant asserts that the court lacked discretion to withhold attorney's fees under RSA 361-C:2, II and that the parties' contract and RSA 382-A:9-504(1)(a) (1994) required an award of attorney's fees. The defendant first contends that the court's reliance on RSA 361-C:2, II was error because the present action was initiated by the retail buyer (the plaintiff and counterclaim defendant), not by the retail seller (the defendant and counterclaim plaintiff). The defendant therefore argues that the present action was *not* "an action brought by the retail seller" within the meaning of the statutory provision. We disagree. The defendant's counterclaim for the deficiency is properly viewed as an "action" brought by the defendant, *cf. Zurback Steel Corp. v. Edgcomb*, 120 N.H. 42, 45, 411 A.2d 153, 155 (1980) (for purposes of statutes of limitations, "action" includes recoupment and similar cross-demands, such as counterclaim), and the plaintiff's claim under RSA 382-A:9-504(3) essentially served as "a partial defense or set-off, recoupment or counterclaim," RSA 361-C:2, II, to the defendant's action.

■ We therefore reject the defendant's argument that it was entitled to attorney's fees under the parties' contract. As discussed above, the parties' contract not only authorized an award of attorney's fees to the defendant, but also incorporated the language required by RSA 361-C:2, II. Thus, the contract conferred discretion on the superior court to withhold attorney's fees from the defendant in this case.

The defendant next contends that it was entitled to attorney's fees pursuant to RSA 382-A:9-504(1)(a), which provides that the proceeds from the secured party's disposition of the debtor's collateral "shall be applied" first to "the reasonable expenses of retaking, holding, preparing for sale, selling and the like and, to the extent provided for in the agreement and not prohibited by law, the reasonable attorneys' fees and legal expenses incurred by the secured party."

■ We conclude that the defendant's reliance on RSA 382-A:9-504(1)(a) is misplaced. First, the defendant's general request in its

deficiency action for attorney's fees "incurred in collecting its deficiency as well as the costs and fees incurred in the disposition of the property" fails to recognize the scope of RSA 382-A:9-504(1)(a). That provision addresses attorney's fees incurred prior to, and in connection with, the disposition of the collateral, not in the collection of the deficiency. Second, the provision only permits attorney's fees "to the extent provided for in the [parties'] agreement and not prohibited by law." Since the parties' contract complied with RSA 361-C:2, II by providing the superior court with equitable discretion to withhold attorney's fees from the defendant, the court's exercise of that discretion did not contravene RSA 382-A:9-504(1)(a).

*Affirmed.*

All concurred.