Hillsborough-northern judicial district
No. 95-758

GEORGE D. CULOTTA *& a.*

v.

NEW HAMPSHIRE DEPARTMENT OF LABOR *& a.*

September 23, 1997

*George D. Culotta*, by brief and orally, *pro se.*

*Goldman & LeBrun, P.A.*, of Concord (*Stephen R. Goldman* orally), for plaintiff White Mountain Family Style Restaurants, Inc., filed no brief.

*Jeffrey R. Howard*, attorney general (*Lucy C. Hodder* and *Wynn E. Arnold*, assistant attorneys general, on the brief, and *Ms. Hodder* orally), for the State.

BROCK, C.J. The plaintiffs, George D. Culotta and White Mountain Family Style Restaurants, Inc., appeal the Superior Court's (*Conboy*, J.) grant of summary judgment to the defendants, the New Hampshire Department of Labor (DOL) and Cynthia A. Paveglio, based on sovereign immunity. We affirm.

On the morning of September 7, 1993, Amanda Ober, a reporter for WMUR television, learned that Paveglio, an administrator at the DOL, had recently been interviewed on a radio talk show about the increase in employee complaints concerning State labor law violations. Ober decided to follow up on the story and arranged an interview with Paveglio in her DOL office later that day. During the interview, Ober asked Paveglio what types of employee complaints the DOL was seeing. Paveglio responded that they included employers bouncing checks, not paying employees their full wages, not paying overtime, and deducting insurance premiums without securing insurance coverage. Additionally, Paveglio provided Ober with public information concerning five employers who had been cited for repeated labor law violations. One of the businesses was the Market Street Buffet and Bakery in Merrimack; Culotta was named as its owner.

During the interview, a DOL inspector learned that the Market Street Buffet and Bakery was closing and gave that information to Paveglio and Ober. Ober went to the restaurant to pursue the lead, where she discovered movers in the process of dismantling the business. Although Culotta was there, he refused to be interviewed and claimed to be merely one of the movers.

That evening WMUR television presented a program entitled "Labor Law Breakers," which pictured the Market Street Buffet and Bakery as a backdrop. The program featured commentary by Ober and remarks from Paveglio in the DOL office, including the following:

[Ober]: The sudden closure of this restaurant is no surprise to the State Department of Labor. It says the restaurant's owner, George Culotta, is notorious for operating fly-by-night businesses and paying his employees with rubber checks.

[Paveglio]: They nickel and dime these employees as much as they can.

> [Ober]:    Cynthia Paveglio says the Labor Department has seen an overwhelming increase in cases of employers trying to rip off employees.

Characterizing the broadcast as the product of "ill-will, hostility, evil motive, grossly wanton, willful and reckless conduct," the plaintiffs sued the defendants for defamation, cumulative defamation, and intentional infliction of emotional distress. The defendants moved for summary judgment, arguing that under RSA 541-B:19, I(d) (1997), they are immune from suit. The trial court granted the motion; this appeal followed.

"On appeal of a grant of summary judgment, we consider the affidavits, as well as all inferences properly drawn from them, in the light most favorable to the plaintiffs." *Laro v. Leisure Acres Mobile Home Park Assocs.*, 139 N.H. 545, 547, 659 A.2d 432, 434 (1995) (quotation and brackets omitted). If there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law, we will uphold the grant of the summary judgment motion. *See* RSA 491:8-a, III (1997).

The sole issue before us is whether the immunity provided to the State under RSA 541-B:19, I(d) shields the defendants from suit. RSA 541-B:19, I(d) provides sovereign immunity for

> [a]ny claim arising out of an intentional tort, . . . provided that the employee whose conduct gives rise to the claim reasonably believes, at the time of the acts or omissions complained of, that his conduct was lawful, and provided further that the acts complained of were within the scope of official duties of the employee for the state.

■ Hence, "[t]o establish the State's intentional tort liability, a plaintiff . . . must prove that the offending State employee not only lacked a reasonable belief in the lawfulness of his conduct, but also acted within the scope of his employment." *Opinion of the Justices*, 126 N.H. 554, 565, 493 A.2d 1182, 1190 (1985).

■ We turn first to the second determination — whether Paveglio was acting within the scope of her employment when she provided information for the broadcast to Ober. In her deposition Paveglio testified that she received permission from David Wihby, deputy commissioner of labor, prior to agreeing to the interview with Ober. Wihby confirmed in his deposition that he frequently referred press inquiries to DOL employees, including Paveglio, who were authorized either to respond to the inquiries personally or to refer them to their subordinates. Consequently, the trial court did

not err in determining that Paveglio's conversation with Ober was within the scope of her employment.

The remaining issue is whether Paveglio reasonably believed that her conduct was lawful. Paveglio testified that the information she gave Ober was taken directly from DOL files. Under New Hampshire's Right-to-Know Law, the material in the files is available for public inspection. *See* RSA 91-A:4 (1990). Nevertheless, the plaintiffs argue that the characterization of the material in the file, as it was reflected in the broadcast, was incorrect; they therefore maintain that Paveglio could not have reasonably believed that presenting the information in such a fashion was lawful.

The plaintiffs first point to Ober's statement that Culotta was the "owner" of the Market Street Buffet and Bakery restaurants. Actually Culotta was the general operating manager of the restaurants, while plaintiff White Mountain Family Style Restaurants, Inc. was the corporate owner. Paveglio testified that only if something in the files identified Culotta as the owner would she have so stated to Ober. Indeed, more than fifteen of the wage claims in the file identify Culotta as the owner of the restaurants. Consequently, even if Paveglio did state that Culotta was the owner, although nothing in Ober's notes of the interview suggests that she did, the trial court did not err in determining that she reasonably believed that she was acting lawfully. *Cf. Soltani v. Smith*, 812 F. Supp. 1280, 1299 (D.N.H. 1993).

■ Next, the plaintiffs contend that characterizing Culotta as "notorious for operating fly-by-night businesses" was unlawful. In response to the plaintiffs' interrogatories, Paveglio denied making such a statement. Ober testified that the characterization was her own — a paraphrase of information she gathered from the DOL. Accordingly, the defendants can not be liable for the statement.

"They nickel and dime these employees as much as they can," the plaintiffs contend, could not have been said with a reasonable belief that it was lawful. Ober testified that Paveglio's statement was made "in reference to labor law breakers in general," not in specific reference to the plaintiffs. Ober's notes reflect that she and Paveglio discussed five different businesses that were the subject of numerous wage claims. Consequently, we find no error in the trial court's conclusion that Paveglio reasonably believed that the general statement about these employers' treatment of their employees was lawful. *Cf. id.*

*Affirmed.*

BRODERICK, J., did not sit; the others concurred.