NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by email at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Belknap
Case No. 2024-0111
Citation: Dobens v. Fagnant, 2025 N.H. 31

KELLY DOBENS & a.

v.

SCOTT FAGNANT & a.

Argued: January 14, 2025
Opinion Issued: July 17, 2025

Devine, Millimet & Branch, P.A., of Manchester ( Richard P. Driscoll on the brief and orally), for the plaintiffs.

Smith-Weiss Shepard & Kanakis P.C., of Nashua (Brittney M. White on the brief, and Robert M. Shepard orally), for the defendants.

COUNTWAY, J.

[¶1] The plaintiffs, Kelly Dobens and Tammy Stockton, individually and as co-trustees of the Kelly Dobens and Tammy Stockton Revocable Trust, appeal an order of the Superior Court (Leonard, J.) ruling that the defendant,[1] Scott Fagnant, individually and as trustee of the Faye Fagnant 2019 Trust, did

_____
[1] Because Scott Fagnant is one individual being sued in two different capacities, this opinion refers to a singular defendant.

not violate RSA chapter 205-A (2019 & Supp. 2024), or engage in an unfair or deceptive trade practice, when he failed to give the plaintiffs 18 months' notice that he was terminating their lease because he was changing the use of the manufactured housing park. We reverse and remand.

[¶2] The trial court found the following facts. The Faye Fagnant 2019 Trust owns Hills Lakeview Trailer Park & RV Park (Hills Park). The defendant controls the trust and Hills Park, which is a manufactured housing park under RSA chapter 205-A. See RSA 205-A:1, II (2019) ("'Manufactured housing park' means any parcel of land under single or common ownership or control which contains, or is designed, laid out or adapted to accommodate 2 or more manufactured houses."). Hills Park is only open seasonally — from approximately May 15 through October 15. The defendant entered into seasonal rental lot agreements with his tenants, which he renewed "year-to-year" by sending the agreements to his tenants in late winter.

[¶3] The plaintiffs rented a site at Hills Park where they kept their manufactured housing unit. The parties do not dispute that the plaintiffs' occupancy of their manufactured housing unit was on a seasonal basis. In 2021, as in years prior, the plaintiffs received a new seasonal agreement for use of the property during the rental season.

[¶4] In between the 2021 and 2022 rental seasons, the defendant decided to change the use of Hills Park from allowing both manufactured homes and recreational vehicles (RVs), to allowing only RVs. When the plaintiffs did not receive a contract for the 2022 season, they sent the defendant a rent check. The park manager returned the check, without cashing it, along with a note that Hills Park would not be renewing the contract with the plaintiffs. The defendant nonetheless allowed the plaintiffs to use their unit at Hills Park for the 2022 season without paying rent.

[¶5] On July 7, 2022, the defendant sent a letter to the Hills Park tenants (the Notice), notifying them that Hills Park would be "closing its gates on October 31, 2022," and requiring that all RVs, manufactured housing units, and other structures be removed no later than that date. The parties do not dispute that the defendant sent the Notice because he intended to change the use of Hills Park.

[¶6] The plaintiffs filed a complaint in September 2022, seeking a declaratory judgment and damages caused by the defendant's unfair and deceptive trade practices, and attorney's fees. Following a bench trial, the trial court found that the defendant did not violate RSA chapter 205-A and did not engage in an unfair or deceptive trade practice. The trial court denied the plaintiffs' motion for reconsideration and the plaintiffs subsequently filed this appeal.

2

[¶7] On appeal, the plaintiffs challenge the trial court's rulings that: (1) the Notice requiring the plaintiffs to remove their manufactured housing unit was not deficient because the plaintiffs were not entitled to 18 months' notice to remove their unit; and (2) the defendant did not violate RSA chapter 205-A or engage in an unfair or deceptive trade practice.

[¶8] We first address the plaintiffs' argument that the trial court erred in ruling that the defendant was not required to provide the plaintiffs with 18 months' notice under RSA 205-A:3 (2019). Resolving this issue requires that we engage in statutory interpretation. We review the trial court's statutory interpretation de novo. Horton v. Clemens, 173 N.H. 480, 483 (2020). We first examine the language of the statute, and, where possible, we ascribe the plain and ordinary meaning to the words used. Id. When the language of the statute is clear on its face, its meaning is not subject to modification. Id. We will neither consider what the legislature might have said nor add words that it did not see fit to include. Id.

[¶9] RSA chapter 205-A governs the regulation of manufactured housing parks. It provides that "a tenancy may be terminated by a park owner or operator" only for the listed reasons, including "[c]ondemnation or change of use of the manufactured housing park." RSA 205-A:4, VI (2019). Termination for this purpose requires that the park owner give "notice in writing to the tenant in the manner prescribed by RSA 540:5 and by first class mail, to remove from the premises within a period of not less than . . . 18 months . . . ." RSA 205-A:3, III (2019).

[¶10] It is undisputed that the defendant sent the Notice to the plaintiffs to inform them that he intended to change the use of Hills Park and that it provided less than four months' notice requiring the plaintiffs to remove their unit. However, the trial court found that the plaintiffs were not entitled to notice under RSA 205-A:3 due to the nature of their tenancy. The trial court noted that the 2021 seasonal rental lot agreement provided that the plaintiffs had a right to occupy and use their unit at Hills Park only within a certain time frame, and not year-round. The trial court therefore ruled that when the plaintiffs occupied the site during the 2022 season despite the fact that the defendant did not renew their seasonal rental lot agreement, the plaintiffs became "holdover tenants," whose tenancy expired on October 15, 2022. The trial court reasoned that because the tenancy expired on October 15, 2022, the plaintiffs were not entitled to an 18-month period to remove their unit under RSA 205-A:3 "because the removal date in the Notice was October 31, 2022." Assuming, without deciding, that the plaintiffs would not have been entitled to 18 months' notice to remove their unit if their holdover tenancy had expired, we conclude, for the reasons that follow, that the trial court erred when it relied on the expiration of the seasonal rental lot agreement to support its ruling that the plaintiffs had a "leasehold tenancy" for the 2021 tenancy, and, therefore, a holdover tenancy that expired on October 15, 2022.

[¶11] RSA 205-A:4 grants owners of manufactured housing parks the right to terminate a tenancy in order to "change [the] use of the manufactured housing park." RSA 205-A:4, VI. When an owner intends to change the use of the park, the owner must "giv[e] notice in writing to the tenant . . . to remove from the premises within a period of not less than . . . 18 months . . . ." RSA 205-A:3. The lengthy notice requirement recognizes that there is a distinction between an eviction from traditional residential property and an eviction from a manufactured housing park. Unlike a tenant evicted from a traditional residence, a tenant evicted from a manufactured housing park must not only remove his or her personal possessions, but also remove his or her manufactured housing unit. See Laro v. Leisure Acres Mobile Home Park Assocs., 139 N.H. 545, 547 (1995) (stating that "[w]hen a tenant is evicted from a mobile home park, the mobile home is 'evicted' and removed as well").

[¶12] Nothing in RSA chapter 205-A suggests that the fact that a lease providing that the plaintiffs were entitled to occupy their manufactured housing unit only seasonally relieves the defendant from its statutory obligation to provide notice pursuant to RSA 205-A:3. The defendant argues that RSA 205-A:3, III does not apply to "holdover tenants in seasonal manufactured housing parks." Although the defendant is correct that RSA chapter 205-A does not specifically address seasonal parks, we disagree with his contention that this omission means that the statute does not apply to seasonal parks. Reading RSA chapter 205-A to exclude seasonal parks would require us to read an exception into the statute that the legislature did not see fit to include, which we decline to do. See Appeal of Cover, 168 N.H. 614, 622 (2016). Other statutes relating to property rental specifically provide exceptions for seasonal, short term, and vacation rentals. See, e.g., RSA 540:1-a, IV(b) (2021) (providing that a "tenancy" shall not include occupants in "[r]ooms in hotels, motels, inns, tourist homes and other dwellings rented for recreational or vacation use"). If the legislature desired to limit the application of RSA chapter 205-A to exclude seasonal parks, it could have done so. See In re Estate of McCarty, 166 N.H. 548, 551 (2014).

[¶13] We now turn to the plaintiffs' argument that the trial court erred in finding that their holdover tenancy expired on October 15, 2022, and that they were thus not entitled to 18 months' notice. The parties do not dispute that the plaintiffs' occupancy of their unit at Hills Park was on a seasonal basis. While their use and enjoyment of their unit was limited to the renting season, the plaintiffs kept their manufactured housing unit on the site in Hills Park throughout the year. Throughout the off-season, when the plaintiffs were not occupying their unit but it nonetheless remained on the site, the plaintiffs were tenants. See RSA 205-A:1, IV (2019) ("'Tenant' means any person who owns or occupies manufactured housing and pays rent or other consideration to place said manufactured housing in a manufactured housing park."). Accordingly, although the plaintiffs' occupancy of the unit was only seasonal, they were tenants throughout the entire year.

4

[¶14] The same is true of the plaintiffs' holdover tenancy in 2022. Even if we assume that the defendant is correct that the plaintiffs' right to occupy their manufactured housing unit ended on October 15, 2022, their holdover tenancy did not expire on October 15, 2022. Because the plaintiffs' unit remained on the site, the plaintiffs continued to be holdover tenants after October 15, 2022. Cf. Laro, 139 N.H. at 548 ("When the plaintiffs left their mobile home in the defendant's park after their eviction, they became holdover tenants."). We therefore conclude that the trial court erred in finding that the plaintiffs' holdover tenancy expired on October 15, 2022. Rather, the plaintiffs continued to be tenants at all times relevant to these proceedings.

[¶15] Accordingly, the trial court erred in finding that the plaintiffs were not entitled to an 18-month notice period to remove their unit under RSA 205-A:3. Because the defendant provided less than four months' notice requiring the plaintiffs to remove their unit, the defendant violated RSA 205-A:3.

[¶16] Finally, the plaintiffs argue that the trial court erred in failing to award damages, costs, and fees under RSA 358-A:10 (2022). The trial court found that "the defendant did not violate RSA 205-A, nor did he engage in an unfair or deceptive trade practice," and "[a]ccordingly, the plaintiffs are not entitled to attorney's fees and costs." The trial court did not make any additional findings regarding unfair or deceptive trade practices, or the availability of remedies under RSA 358-A:10. Because we determine that the defendant failed to comply with the notice provision of RSA 205-A:3, we remand to the trial court for further proceedings consistent with this opinion.

<u>Reversed and remanded</u>.

MACDONALD, C.J., and BASSETT and DONOVAN, JJ., concurred.